

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL M. FLOYD                                    CIVIL ACTION

versus                                              No. 00-0094

WALL ROPE INDUSTRIES and                            SECTION: E/5
 RICHARD ST. PE COMPANY, INC.

### ORDER AND REASONS

Plaintiff Michael M. Floyd has filed a motion to remand this action to the state court from which it was removed. Defendant Wall Industries, Inc., opposes the motion.

Plaintiff Michael M. Floyd, domiciled in Jefferson Parish, Louisiana, alleges that he was injured when a rope manufactured by defendant Wall Rope Industries ("Wall") and distributed by Richard St. Pe Company, Inc. ("St. Pe") failed, causing him to fall from a tree and sustain severe low back injuries. He filed suit against St. Pe, a Louisiana corporation licensed to do and doing business in Jefferson Parish, Louisiana, and Wall Rope, a foreign corporation whose home office is in North Carolina. In the

DATE OF ENTRY
MAR 2 4 2000

petition, Floyd asserts products liability claims against both St. Pe and Wall Rope.

St. Pe was personally served on October 14, 1998, but never filed a Notice of Removal. Wall Industries, Inc. was served by certified mail pursuant to the Louisiana Long-Arm Statute on December 9, 1999. Wall filed a Notice of Removal on January 10, 2000, asserting that St. Pe was fraudulently joined, and therefore its presence in the case may be ignored for purposes of determining diversity jurisdiction. Wall states in its Notice of Removal that 30 days had not elapsed since it was served. According to Wall's own statements, it was served on December 9, 1999, and this Notice of Removal was filed on January 10, 2000. The thirtieth day was January 8, 2000, which was a Saturday. Thus, January 8th and 9th would be excluded and the Notice of Removal as to Wall was timely filed on January 10, 2000.

The basis for this motion to remand is that this court lacks subject matter jurisdiction as there is not complete diversity because one of the defendants, St. Pe, is a Louisiana citizen as is the plaintiff. Defendant Wall argues that St. Pe is fraudulently joined, and its presence does not defeat diversity jurisdiction.

The standards for reviewing a motion to remand which is defended by a fraudulent joinder defense are familiar and have oft-been repeated. As the Fifth Circuit held in <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545 (5th Cir. 1981):

> In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

663 F.2d at 549 (footnote omitted). The removing party bears a heavy burden to prove fraudulent joinder, as "if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendants have been properly joined." <u>Id</u>. at 550.

In determining whether there is any possibility that the non-removing party has stated a valid claim against the non-diverse defendant, the district court may pierce the pleadings, resolving all factual issues in favor of the non-removing party. In other words, as noted in the decision, <u>Carriere v. Sears, Roebuck and Co.</u>, 893 F.2d 98, 100 (5th Cir), *cert. denied*, 498 U.S. 817, 111

S.Ct. 60 (1990), "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." 893 F.2d at 98; LeJeune v. Shell Oil Co., 950 F.2d 267, 271 (5th Cir. 1992).

Plaintiff's claims against the defendant arise out of the Louisiana Products Liability Act ("LPLA"), La.R.S. 9:2800.51 et seq. The court in Zenner v. Nordskog, 1992 WL 233984 (E.D.La. 1992), described the circumstances under which a non-manufacturer sell may be held liable under the LPLA, as follows:

> The Louisiana Products Liability Act mandates that a manufacturer is liable for damage caused by his product. La. R.S. 9:2800.52. The Act defines a manufacturer as (1) a person who labels a product as his own or otherwise holds himself out to be the manufacturer of the product; (2) a seller who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage; (3) one who incorporates into the product a component or part manufactured by another manufacturer; or (4) a seller who is in the business of importing or distributing a product for resale and is the alter ego of a foreign manufacturer. See La. R.S. § 9:2800.52(1).
>
> Louisiana jurisprudence instructs that a non-

> manufacturer seller of a defective product may also be responsible for damages, but only if he knew or should have known that the product sold is defective. See La. C.C. 2545.

1992 WL 233984 at *2.

In opposition to the motion to remand, defendant Wall has attached the affidavit of Robert St. Pe´, the President of Richard St. Pe Company, Inc., who states that "[a]t no time prior to the sale to Michael M. Floyd, was Richard St. Pe Company, Inc. ever made aware of any possible or alleged defect in the rope purchased by Michael M. Floyd." In support of the motion, plaintiff Michael Floyd has submitted an affidavit in which he states that:

> After the accident which is the subject of the captioned litigation, he returned the rope in question to the retailer, Richard St. Pe Company, and spoke directly with Richard St. Pe. Upon Michael Floyd advising Mr. St. Pe of his accident, Mr. St. Pe responded: "Two other climbers have had problems with the same rope." He also advised that the brand of rope had been removed form this stock and that he would no longer sell it.

There is patently a dispute of fact regarding the knowledge of St. Pe prior to the accident of the propensity of the rope in question to break. Defendant Wall has failed to carry its heavy burden to show that there is *no possibility* that plaintiff has

stated a cause of action against St. Pe, the non-diverse defendant.

Because there is not complete diversity of citizenship between the parties and no apparent federal question or admiralty jurisdiction lies, this court does not have subject matter jurisdiction over this action.

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of plaintiff Michael M. Floyd to remand this action be and is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and is hereby **REMANDED** to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, March 23, 2000.

_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge